**BLUE CROSS & BLUE SHIELD OF MISSISSIPPI, INC., Plaintiff,**

v.

**Frankie D. COLEMAN, Defendant.**

**Civ. A. No. 3:93–CV–61(L)(C).**

United States District Court, S.D. Mississippi, Jackson Division.

May 10, 1993.

G. Todd Burwell, Kirkland, Barfield, Panter & Moore, Jackson, MS, for plaintiff.

Wayne Dowdy, Magnolia, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Frankie D. Coleman to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff Blue Cross & Blue Shield of Mississippi, Inc. (Blue Cross) has responded to the motion. The court has considered the memoranda of authorities submitted by the parties and concludes that defendant's motion should be denied.

The pertinent facts, as alleged in Blue Cross' complaint, are as follows. Blue Cross is the insurer and administrator of The Freedom Industries, Inc. Employee Group Medical Plan, an employee welfare benefit plan issued under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* Defendant Frankie D. Coleman is a dependent of Jerry L. Coleman, a subscriber under the plan, and was an insured under the terms of the plan. In December 1990, Blue Cross paid defendant $16,782.01 for hospital, medical, surgical and related services obtained for an injury for which coverage was sought under the plan. Thereafter, defendant entered into a settlement with a third party under the terms of which he received a "sizeable" amount as compensation for this injury. In light of the settlement, Blue Cross brought the present action to enforce its subrogation rights under the plan [1] and recover the monies it paid to defendant.

Defendant has moved to dismiss this action, contending that this court lacks subject matter jurisdiction over Blue Cross' complaint. The court is of the opinion defendant's position is without merit. It has been held that an ERISA fiduciary may bring suit in federal court under 29 U.S.C. § 1132(a)(3) for breach of a subrogation provision contained in an employee benefit plan. *See Mason v. Jones,* No. 92–C–2241, 1993 WL 11667, 1993 U.S. Dist. LEXIS 453 (Jan. 15, 1993); *Serembus v. Kalana Mathwig,* 817 F.Supp. 1414 (E.D.Wis.1992) (finding jurisdiction under 29 U.S.C. § 1132 for suit by Plan for subrogation since suit involved interpretation of employee benefit plan under ERISA). Further, a number of courts, while concluding that subject matter jurisdiction could not be predicated on § 1132 where suit was brought by benefit providers who were not

---

1. The insurance contract provides:
 1. Blue Cross & Blue Shield of Mississippi, Inc., hereinafter called the Plan, shall not be liable for any hospital, medical, surgical or related services or supplies provided:
 (a) for any injury growing out of the act or omission of another party for which injury that party or some party makes settlement or is legally responsible ...

 \* \* \* \* \* \*

 2. However, in the event any hospital, medical, surgical or related service is provided for, or any payment is made or credit extended to, a subscriber or dependent by the Plan for injury or sickness as described in 1(a) or 1(b) above, then the Plan shall be subrogated and shall succeed to the right of recovery of the subscriber or dependent and to the extent thereof against any person or organization. The subscriber or dependent shall pay over to the Plan all sums recovered through legal proceedings, suit, settlement or otherwise, on account of such hospital, medical, surgical or related service or benefit; shall take such action to furnish information and assistance and to execute such assignments or instruments as the Plan may require to secure enforcement of its rights hereunder, and shall take no action prejudicing the rights and interest of the Plan. Failure by the subscriber or dependent to execute such evidence of subrogation as may be required shall make the subscriber or dependent liable to the Plan for all costs and expenses incurred by it in his or her behalf because of such hospital, medical, surgical or related services.

plan fiduciaries, have nevertheless found subject matter jurisdiction over suits to obtain subrogation pursuant to provisions of ERISA plans, based on the federal common law of unjust enrichment. *See Provident Life & Accident Co. v. Waller,* 906 F.2d 985 (4th Cir.), *cert. denied,* 498 U.S. 982, 111 S.Ct. 512, 112 L.Ed.2d 524 (1990); *Travitz v. Northeast Dept. ILGWU Health and Welfare Fund,* 818 F.Supp. 761 (M.D.Pa.1993); *Asbestos Workers Local No. 23 Health and Welfare Plan v. Mackowiak,* No. 3:CV–91–416, 1991 WL 502504, 1991 U.S. Dist. LEXIS 20976 (M.D.Pa. Dec. 4, 1991), *aff'd without opinion,* 983 F.2d 1049 (3d Cir.1992); *cf. Luby v. Teamsters Health, Welfare & Pension Trust Funds,* 944 F.2d 1176, 1187 (3d Cir.1991) (applying federal common law of equitable restitution to permit ERISA plan to recover payments made mistakenly out of trust). Based on these authorities, the court concludes that it has subject matter jurisdiction over the complaint filed in this action by Blue Cross. Defendant's motion will, therefore, be denied.

Based on the foregoing, it is ordered that defendant's motion to dismiss is denied.

ORDERED.